IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Stacy W. Pringle #141320,<br><br>        Petitioner,<br><br>vs.<br><br>Joseph McFadden, Warden,<br><br>        Respondent. | C/A No. 5:15-cv-1571-JFA<br><br><br><br>**ORDER** |

## I.    INTRODUCTION

Stacy W. Pringle ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Joseph McFadden, Warden ("Respondent").

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Lieber Correctional Institution ("LCI"). ECF No. 1, p. 1. On April 10, 2015, Petitioner's petition for writ of habeas corpus was filed. *Id.* On September 8, 2015, Respondent made a motion for summary judgment and filed a return with a memorandum of law in support. ECF Nos. 23–24. Because Petitioner is proceeding pro se, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need for him to file an adequate response. ECF No. 25. On January 19, 2016, Petitioner timely filed his response. ECF No. 38.[1]

---

[1] Petitioner moved for an extension of time to file a response on three occasions, (ECF Nos. 28, 31, 34), and the Magistrate Judge issued three docket text orders granting extensions, (ECF Nos. 29, 32, 35). Therefore, the response was timely filed.

1

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[2] On April 13, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends this Court should grant Respondent's motion for summary judgment. ECF No. 40, p. 2. The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.[3]

On April 21, 2016, Respondent filed objections to the Report. ECF No. 42. On May 9, 2016, Petitioner filed objections to the Report and a reply to Respondent's objections. ECF No. 49. Thus, this matter is ripe for this Court's review.[4]

---

[2] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[3] Inasmuch as the Report cites to *Cruz v. Beto*, 405 U.S. 319 (1972), to support a pro se litigant's complaint is to be liberally construed, it is replaced with *Erickson v. Pardus*, 551 U.S. 89 (2007). The former case relies solely upon the "no set of facts" standard provided in *Conley v. Gibson*, 355 U.S. 41 (1957), which was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007). *See Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009). However, under the proper standard, the result remains unchanged. *See Erickson*, 551 U.S. at 93–94 (reiterating the liberal construction of a pro se complaint after the decision in *Twombly*).

[4] In addition, Petitioner filed a motion for an evidentiary hearing, which also sought to have counsel appointed for him in this habeas matter. The Magistrate Judge provided her reasoning denying the motion for an evidentiary hearing in footnote 1 of the Report, (ECF No. 40, p. 1 n.1), and issued a docket text order on September 7, 2016, (ECF No. 53), denying Petitioner's request for an evidentiary hearing and appointment of counsel. Therefore, all objections and arguments made by Petitioner and Respondent regarding the evidentiary hearing and appointment of counsel will not be addressed in this Order.

2

### III.    DISCUSSION

Petitioner raises five grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. ECF No. 1. The Magistrate Judge recommended that all grounds—except Ground Two—were not procedurally barred,[5] but all grounds warranted dismissal. ECF No. 40. Respondent made three objections and Petitioner made sixteen objections to the Report. ECF Nos. 42, 49. The recommendations and objections will be discussed in accordance with the ground it was made upon.

#### A. Ground One

Petitioner's first ground is "[t]he trial court erred in refusing to grant a mistrial where manifest necessity was clearly demonstrated" by the emotional outburst of the victim's mother at the beginning of the trial and the reaction of a juror ("Ground One"). ECF No. 1, p. 5. Regarding Ground One, the Magistrate Judge recommended it was not procedurally barred; however, she also recommended Ground One did not raise a cognizable habeas ground or, if deemed to raise a cognizable ground by the Court, Petitioner failed to demonstrate error or prejudice caused by the denial of a mistrial. ECF No. 40, p. 27. Therefore, the Magistrate Judge recommended that the state court's decision was not contrary to or involving an unreasonable application of clearly established federal law so it should be dismissed. *Id.*

Respondent made no objections to the Report regarding Ground One. Petitioner objects to the Magistrate Judge's recommendation that he did not raise a cognizable habeas ground in his petition. ECF No. 49, p. 1 (Petitioner's Objection 1). Petitioner states that phrasing the ground to include specific Constitutional violations would cause Respondent to object because it was not

---

[5]  In addition, the Court finds that there is not an absence of available state corrective process or circumstances that render such process ineffective to protect the rights of Petitioner. 28 U.S.C. § 2254(b)(1)(B); ECF No. 40, p. 23.

3

the same claim as presented to the state court, and, furthermore, a pro se litigant is not required to use "specific nomenclature" when the ground clearly violates federal law. *Id.*[6]

Petitioner is incorrect. While Ground One is not procedurally barred because it was raised and ruled upon by the state court, Petitioner cannot attempt to now couch this ground as additionally violating a Constitutional right in order to raise a cognizable federal habeas ground. In *Duncan v. Henry*, 513 U.S. 364, 365 (1995), a petitioner argued an evidentiary error constituted a "miscarriage of justice" on his direct appeal, but tried to couch this error as a denial of due process under the United States Constitution in his habeas petition. The Court reversed the Ninth Circuit's decision to affirm the grant of the petition and stated:

> [E]xhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." . . . If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. at 365–66 (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Thus, Petitioner cannot claim that Ground One additionally alleges a Constitutional violation because he did not raise this issue before the state court as required. ECF No. 24-4, pp. 4, 6–7.

---

[6] Petitioner also argues "that whether the grant of a mistrial is 'manifestly necessary' is a question that turns on the facts presented to the trial court." ECF No. 49, p. 2. The cases cited, *Illinois v. Somerville*, 410 U.S. 458 (1973) (stating "where the declaration of a mistrial implements a reasonable state policy and aborts a proceeding that at best would have produced a verdict that could have been upset at will by one of the parties, the defendant's interest in proceeding to verdict is outweighed by the competing and equally legitimate demand for public justice") and *Arizona v. Washington*, 434 U.S. 497 (1978) (stating trial judge correctly ordered a mistrial because defendant's lawyer made improper and prejudicial remarks), simply support the trial judge's discretion whether to grant a mistrial.

Therefore, Petitioner has not asserted a cognizable habeas ground for Ground One and it is dismissed.[7]

### B. Ground Two

Petitioner's second ground is "[t]he trial court erred in finding Petitioner could be impeached by a 'similar' prior conviction outside the scope of prior bad act procedures, without conducting a probative v. prejudicial effect analysis, if Petitioner elected to testify" ("Ground Two"). ECF No. 1, p. 6. Regarding Ground Two, the Magistrate Judge recommended that it should be procedurally barred because Petitioner did not testify and Petitioner failed to show sufficient cause and prejudice, or actual innocence to excuse the default so Ground Two should be dismissed. ECF No. 40, p. 30.

Respondent made no objections to the Report regarding Ground Two. Petitioner objects to the Report claiming that "trial court" should have been "trial counsel," post-conviction relief ("PCR") counsel should have corrected the error for him, and "the record fully supports counsel's lack of a contemporaneous objection, failure to stipulate, or proffer, which should excuse the default." ECF No. 49, p. 2 (Petitioner's Objection 2). Furthermore, Petitioner objects to the grant of summary judgment because "genuine issues of material fact exist to proceed further on the claim." *Id.* (Petitioner's Objection 4). Finally, Petitioner objects to the Magistrate

---

[7] Furthermore, if the Court had found Ground One to be a cognizable habeas ground, then the Court would agree that it is without merit and should be dismissed as recommended by the Report. ECF No. 40, pp. 32–35. Petitioner's fifth and sixth objections relate to the Magistrate Judge's alternative analysis of Ground One had a cognizable habeas ground been recognized by this Court. ECF No. 49, pp. 3–4 (Petitioner's Objections 5 and 6). As to Petitioner's fifth objection, the Magistrate Judge correctly recommended there was no prejudice from the denial of a mistrial, especially in light of the curative instruction given, nor was there abuse of discretion. *See State v. Anderson*, 470 S.E.2d 103, 105–06 (1996) (stating "[t]he decision whether to grant a mistrial because of a witness's outburst rests within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion or manifest prejudice to the complaining party" and "in some cases . . . a witness's or spectator's outburst may carry such a great potential for prejudice that the trial judge should give . . . a curative instruction"). As to Petitioner's sixth objection, the law cited by Petitioner does not support his explanatory statements nor his position that the Magistrate Judge "incorrectly concluded the decision of the trial court or Court of Appeals was not contrary to or involved an unreasonable application of clearly established federal law." ECF No. 49, pp. 3–4.

Judge's recommendation that the procedural default was not excused because Petitioner claims he has shown actual innocence or "the clearly established law" provides "an excuse from the perceived fault of the misuse of language in phrasing the claim." *Id.* at 2–4 (Petitioner's Objections 3 and 7).

First, Petitioner's proposed change from "trial court" to "trial counsel" is not appropriate because this modification would reform the entire ground raised; it is not a simple scrivener's error.

Second, although Ground Two was raised to the state court, it is procedurally barred because Petitioner chose not to testify at trial so the issue was not preserved for appellate review. *See State v. Glenn*, 330 S.E.2d 285, 286 (S.C. 1985) ("[W]hen the trial judge chooses to make a preliminary ruling on the admissibility of prior convictions to impeach a defendant and the defendant does not testify at trial, the claim of improper impeachment is not preserved for review."); *see also Luce v. United States*, 469 U.S. 38, 43 (1984) ("We hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."). Furthermore, although Petitioner claimed in his response that he did not have an opportunity to speak with his attorney regarding the decision to testify or not, the trial court specifically asked if Petitioner needed more time to discuss this decision with trial counsel and ensured Petitioner's decision not to testify was voluntarily and intelligently made. ECF No. 24-2, pp. 135–37. Petitioner concedes that he did not testify at trial, removing the possibility of a genuine issue of material fact. ECF No. 38, p. 23.

Lastly, this procedural default is not excused by cause and prejudice or actual innocence. Petitioner claims he has shown actual innocence "based on the expert testimony in the record," which "controverted witness testimony" and "plac[ed] a weapon in [the victim's] hands." ECF

No. 49, pp. 2–3. Petitioner misconstrues the expert testimony. For example, the expert stated that one of three possible reasons the victim would have gunshot residue on his hands is that he fired a gun—another reason was that the victim was shot by a gun approximately five feet away, which is consistent with a majority of the trial witnesses' testimony. ECF No. 24-2, pp. 80–81. At trial, in response to the question regarding the most likely scenario—whether the victim shot a weapon or came into close contact with a weapon—the expert stated, "I cannot eliminate that he had not fired a weapon. I can say that it's very likely that there was no weapon in his hands and that he was just being shot at and received this material." *Id.* at 89–90. In addition, the expert testified that a few flakes of the gunshot residue were discovered near a bullet hole in the victim's shirt, which was consistent with the gun being fired at the victim from approximately five feet away as trial witnesses had testified. *Id.* at 88. Furthermore, the eyewitness—Sammy Wells—who testified at the PCR hearing that the victim had a gun was not found to be credible. ECF No. 24-5, p. 16. Thus, Petitioner has failed to show that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. In addition, the cases cited for support in Petitioner's objection were contrary to Petitioner's position.[8]

Therefore, Ground Two is procedurally barred and not excused due to the failure to show cause and prejudice or actual innocence in this case so it is dismissed.

### C. Ground Three

Petitioner's third ground is "[t]he trial court erred in denying the motion for continuance which denied Petitioner the right to effective assistance of counsel" ("Ground Three"). ECF No. 1, p. 8. Regarding Ground Three, the Magistrate Judge recommended it should not be

---

[8] *See Luce v. United States*, 469 U.S. 38, 43 (1984) ("We hold that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."); *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (stating "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

7

procedurally barred; however, the preparation of counsel was not affected by the denial of the continuance request because the missing witnesses' testimony were immaterial or did not affect the outcome of the case so Ground Three should be dismissed. ECF No. 40, pp. 31–32, 35 n.4.

### i.     Respondent's Objection

Respondent objects to the Magistrate Judge's determination that Ground Three was not procedurally barred because it "was not raised below as far as Respondent can tell." ECF No. 42, pp. 1–2 (Respondent's Objection 1). Respondent states whether the trial court erred in denying Petitioner's motion for a continuance is a state law issue so it does not raise a cognizable federal habeas claim. *Id.* at 1. Furthermore, Respondent contends the right to counsel under the Constitution was not raised at the trial level so the issue is not preserved. *Id.* at 2. Petitioner replies that his claim was raised and ruled upon by the trial court and presented in his *Anders* brief so it was preserved. ECF No. 49, p. 7.

The Magistrate Judge correctly recommended that Ground Three was not procedurally barred and presents a cognizable habeas ground because Petitioner has consistently raised the ground that the denial of the motion for continuance denied Petitioner his right to effective counsel, violating his Sixth Amendment right. *See, e.g.*, ECF No. 24-1, p. 36; ECF No. 24-4, p. 11.

### ii.     Petitioner's Objection

Petitioner objects to the Magistrate Judge's recommendation for Ground Three inasmuch as he claims the merits were not analyzed, counsel's renewed motion for a continuance was ignored, and the conclusion was based upon "trial testimony that was directly controverted by expert witness testimony." ECF No. 49, p. 4 (Petitioner's Objections 8 and 9).

However, the Report states that "there is no evidence that the trial court's failure to grant a continuance affected trial counsel's ability to effectively represent Petitioner" because "[d]uring Petitioner's criminal trial, trial counsel stated that witnesses were not willing to come forward." ECF No. 40, p. 35 n.4.  In addition, the Magistrate Judge further analyzed the content of the witnesses' testimony provided at the PCR hearing and found the testimony to be "immaterial or would not have affected the outcome of Petitioner's criminal trial." ECF No. 40, pp. 35–41. In addition, as discussed *supra*, trial testimony was not directly controverted by expert witness testimony.

Therefore, Ground Three is not procedurally barred, but it is meritless and, thus, dismissed.

### D.  Grounds Four and Five[9]

Petitioner's fourth and fifth grounds are "Petitioner was denied effective assistance of counsel when counsel failed to subpoena witnesses to support the trial theory of self-defense" ("Ground Four") and "Petitioner was denied effective assistance of counsel in failing to conduct a reasonable investigation of witnesses which deprived Petitioner of a witness to substantiate a trial theory of self-defense" ("Ground Five"). ECF No. 1, pp. 9, 12.

With regard to Grounds Four and Five, the Magistrate Judge recommended that Ground Four was not procedurally barred,[10] but Petitioner failed to demonstrate either of the prongs required under the test in *Strickland v. Washington*, 466 U.S. 668 (1984). ECF No. 40, pp. 32, 41. Thus, the Magistrate Judge recommended that the state's dismissal of Petitioner's ineffective assistance of counsel claim for failure to subpoena or investigate additional witnesses was not an

---

[9]  Due to the similarity of these grounds and the combined analysis of same in the Report, the Court will address these grounds simultaneously.
[10]  Inasmuch as Grounds Four and Five were similar and addressed together in the Report, Ground Five was not deemed to be procedurally barred as well.

unreasonable application of federal law[11] or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding so Grounds Four and Five were meritless and should be dismissed. *Id.* at 41.

### i.     Respondent's Objections

Respondent objects to the Magistrate Judge's determination that Ground Four, other than regarding Ricky Wright and Terrance Epperson, was not procedurally barred. ECF No. 42, p. 3 (Respondent's Objection 2). Respondent contends that Petitioner failed to raise the issue regarding other witnesses in his appeal from denial of PCR so it is procedurally barred. ECF No. 42, p. 3. Petitioner replies that the Magistrate Judge correctly recommended that Petitioner's claim stated "any witnesses." ECF No. 49, p. 7. In addition, Respondent objects to the Report inasmuch as it fails to recommend for "any claim[,] *other than* Ricky Wright, Sammy Wells, or Dorothy Perry, [that] Petitioner failed to prove prejudice because he failed to call any of those witnesses at the PCR hearing." ECF No. 42, p. 4 (Respondent's Objection 3).

The Court agrees with the Magistrate Judge that Ground Four should be read to encompass "any witnesses" despite the fact "the argument portion of his petition for certiorari to the South Carolina Supreme Court mainly concerns trial counsel's failure to call Ricky Wright and Terrance Epperson as witnesses." ECF No. 40, p. 35.  Furthermore, Petitioner is not required to "call" witnesses in order to prove prejudice. "A PCR applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial." *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998). In *Pauling v. State*, 503 S.E.2d 468, 471 (S.C. 1998), the state argued that a petitioner failed to show prejudice because he only introduced a nurse's notes at the PCR hearing instead of calling the nurse to testify. However, the South

---

[11] The Court finds it was not contrary to clearly established federal law as well. 28 U.S.C. § 2254(d)(1).

Carolina Supreme Court focused on the language "*or otherwise introduce the witnesses' testimony in a manner consistent with the rules of evidence*" and stated the petitioner presented evidence as to the nature of the nurse's testimony by introducing her notes, which was sufficient. *Id.* (emphasis in original). Similarly, Petitioner introduced Terrance Epperson's statement into evidence during his PCR hearing. ECF No. 24-4, p. 210. Thus, Petitioner was not required to call Terrance Epperson as a witness because the statement evidences the nature of his testimony—it is not just mere speculation—and may be evaluated as to whether it proves prejudice. *See Glover v. State*, 458 S.E.2d 538, 540 (S.C. 1995). Therefore, the Magistrate Judge properly reviewed the witnesses' testimony or statement provided.

### ii.   Petitioner's Objections

Petitioner objects to the Magistrate Judge's recommendation that testimony from the PCR witnesses did not weigh in Petitioner's favor or support a theory of self-defense, except Sammy Wells' testimony. ECF No. 49, p. 5 (Petitioner's Objection 10). Petitioner contends trial counsel failed to locate and subpoena witnesses and argues expert testimony indicated the victim had a weapon. *Id.* Petitioner objects to the Magistrate Judge's conclusion, "based on the overwhelming evidence" against Petitioner, "no omitted testimony was likely to have had an effect on the outcome of Petitioner's trial." ECF No. 49, p. 5 (Petitioner's Objection 11). Petitioner contends that the Magistrate Judge did not consider trial counsel's admission that he "knew some witnesses could place a gun in [the victim's] hand" or the expert witness' testimony regarding the gunshot residue, which allegedly nullified the "overwhelming evidence." *Id.* Petitioner also objects to the Magistrate Judge's recommendation, in agreement with the PCR court, that "trial counsel did not err in failing to locate and call Wells or others as witnesses," ECF No. 49, p. 5 (Petitioner's Objection 12), trial counsel's investigation was not deficient, ECF

11

No. 49, p. 6 (Petitioner's Objection 13), and Petitioner failed to demonstrate either *Strickland* prong,[12] ECF No. 49, p. 6 (Petitioner's Objection 14). Finally, Petitioner objects to the Magistrate Judge's recommendation that Grounds Four and Five are without merit and should be dismissed. ECF No. 49, p. 6 (Petitioner's Objection 15).

However, Petitioner's citation to the record reveals that trial counsel explained that he attempted to locate witnesses by knocking on doors or leaving business cards and did not subpoena witnesses due to the lack of an address or uncertainty as to what they would say at trial. ECF No. 24-4, pp. 193–95. Furthermore, one of Petitioner's proposed witnesses—Sammy Wells—was not disclosed to trial counsel before trial, ECF No. 24-4, p. 178, and another—Terrance Epperson—ceased communications as trial approached, ECF No. 24-4, p. 193. Furthermore, trial counsel was only required to conduct a reasonable investigation. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

Petitioner cites *Wiggins v. Smith*, 539 U.S. 510 (2003), in support of his objection that trial counsel was deficient in his investigation; however, in that case, defense counsel chose not to conduct an investigation beyond the presentence investigation report and department of social services' records for mitigating evidence regarding the petitioner's life history despite the fact it was standard practice at the time. *Wiggins*, 539 U.S. at 523–27. In contrast, trial counsel in this case attempted to locate and meet with possible witnesses or communicate via telephone, and he

---

[12] *Strickland v. Washington*, 466 U.S. 668 (1984) (establishing a two-prong test to evaluate ineffective assistance of counsel claims).

12

made the decision not to subpoena or call certain witnesses to the stand for the reasons stated above and discussed in the Report.

In addition, as discussed *supra*, expert testimony only supported that there were primarily three possible reasons why the victim would have gunshot residue on his hands. ECF No. 24-2, pp. 80–81. Thus, the expert witness' testimony does not "nullify" the "overwhelming evidence."

Therefore, Grounds Four and Five are not procedurally barred, but they are without merit and dismissed.

## IV.     CONCLUSION

After a careful review of the record, the applicable law, the Report and the objections[13] thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. It is therefore **ORDERED** that Respondent's motion for summary judgment (ECF No. 23) is **GRANTED** and Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[14]

**IT IS SO ORDERED**.

September 27, 2016                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                         United States District Judge

---

[13] The Court does not address Petitioner's Objection 16 because it solely objects to the Magistrate Judge's denial of his motion for an evidentiary hearing. As previously stated, the Magistrate Judge has issued an order regarding the issue. ECF No. 53.

[14] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."